IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

EDDIE L. GIBSON                                                                                         PLAINTIFF

V.                                       CASE NO. 08-CV-1039

ALCOA, INC., SAPA EXTRUSIONS, INC.,
a/k/a SAPA FABRICATED PRODUCTS,
HEWITT ASSOCIATES, and METLIFE
GROUP, INC.                                                                                            DEFENDANTS

MEMORANDUM OPINION and JUDGMENT

Before the Court is a Motion for Summary Judgment filed by Separate Defendant Hewitt Associates ("Hewitt"). (ECF No. 34). Plaintiff has responded to the motion. (ECF No. 37). Hewitt has filed a reply. (ECF No. 40). The Court finds the matter ripe for consideration.

I. BACKGROUND

Plaintiff Eddie L. Gibson filed his Complaint against Defendants pursuant to the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Plaintiff, as an employee of Alcoa, Inc. during the relevant time, was a participant in the Alcoa Group Life Insurance Plan ("Plan"). Plaintiff is seeking the Court's review of MetLife Group Inc.'s benefits determination denying his claim for certain dependent benefits under the Plan following the death of his daughter, Latay Stevenson, on September 8, 2003. Presently before the Court is the summary judgment motion filed by Hewitt, which asserts that, because Hewitt only provided administrative services to the Plan which did not affect Plaintiff's claim, it is not liable for the relief claimed in Plaintiff's Complaint.

## II.  SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c) states that summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Under this standard, the inquiry is not whether the evidence favors one side or the other, but "whether a fair minded jury could return a verdict for the plaintiff on the evidence presented." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).  When considering a summary judgment motion, the Court "must view the evidence 'in the light most favorable to the nonmoving party.'" *Sappington v. Skyjack, Inc.*, 512 F.3d 440, 445 (8th Cir. 2008).  To defeat a motion for summary judgment, however, the non-moving party must "make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The "nonmovant must present more than a scintilla of evidence and must advance specific facts to create a genuine issue of material fact for trial." *F.D.I.C. v. Bell*, 106 F.3d 258 (8th Cir. 1997).  "In order to survive a motion for summary judgment, the non-moving party must be able to show sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy." *Binkley v. Entergy Operations, Inc.*, 602 F.3d 928, 931 (8th Cir. 2010).

## III.  DISCUSSION

Hewitt asserts that, as a matter of law, it cannot be liable for Plaintiff's claim because it had no involvement in receiving, determining, or acting on Plaintiff's claim on which his Complaint is based.  Hewitt further asserts that MetLife Group, Inc. had responsibility for all aspects of the claim and that MetLife has so admitted in these proceedings.  In support of its assertion, Hewitt has submitted the affidavit of an employee, Sara Blue, who states that Hewitt had no involvement with

any claim submitted by Plaintiff for accidental death or life insurance benefits under the Plan. She further states that all decisions regarding Plaintiff's claim were made by MetLife Group, Inc. and that Hewitt is not responsible for paying any benefits under the accidental death policy covering Plaintiff.

Plaintiff argues that genuine issues of material fact exist as to whether the administrative services provided by Hewitt were responsible for Plaintiff's claim. Plaintiff asserts that a review of the administrative record may reveal that Hewitt was in some way responsible for the denial of the claim. However, Hewitt has submitted an affidavit stating that it was in no way involved in denying Plaintiff's claim. Plaintiff has failed to identify any fact in the administrative record that supports his speculation and conjecture that Hewitt might be involved in denying Plaintiff's claim. Thus, the Court finds that there are no genuine issues of fact with respect to the liability of Hewitt in this case.

## IV. CONCLUSION

Upon consideration, the Court finds that Separate Defendant Hewitt Associates' Motion for Summary Judgment should be and hereby is **GRANTED**. Plaintiff's claims against Hewitt Associates are **DISMISSED**.

**IT IS SO ORDERED**, this 30th day of March, 2011.

                                                  /s/ Harry F. Barnes
                                              Hon. Harry F. Barnes
                                              United States District Judge